UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTLYNN J. HUBBARD,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>Defendant. | No.  2:21-cv-01723-DAD-DMC<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING PLAINTIFF'S STATE LAW CLAIMS TO STATE COURT<br><br>(Doc. No. 14) |

This matter is before the court on the motion for summary judgment filed on behalf of defendant Nationstar Mortgage, LLC on March 3, 2023.  (Doc. No. 14.)  The pending motion was taken under submission without oral argument on March 31, 2023 pursuant to Local Rule 230(g). (Doc. No. 22.)  For the reasons explained below, the court will grant defendant's motion for summary judgment in its favor as to plaintiff's sole federal claim and will remand plaintiff's state law claims to state court.

**BACKGROUND**

**A.    Procedural Background**

On December 14, 2020, plaintiff filed a complaint in Butte County Superior Court but never served that complaint, and then filed a first amended complaint ("FAC") on August 31, 2021.  (Doc. No. 1 at 1.)  In his FAC, plaintiff asserts the following causes of action:  (1) violation of 12 C.F.R. § 1024.41(b); (2) violation of California Civil Code § 2923.4; (3) violation

1

1  of California Civil Code § 2923.7; (4) violation of Civil Code § 2923.10; (5) violation of

2  California Civil Code § 2924; (6) breach of the covenant of good faith and fair dealing; (7)

3  violation of California Business & Professions Code §§ 17200, *et seq.*; and (8) declaratory relief.

4  (Doc. No. 1 at 72–81.)

5        On September 21, 2021, defendant removed this action to this federal court pursuant to 28

6  U.S.C. §§ 1331 and 1367(a) on the grounds that (1) federal question jurisdiction exists because

7  the FAC relies on federal law for plaintiff's first claim asserting a violation of 12 C.F.R.

8  § 1024.41(b) and (2) the court has supplemental jurisdiction over plaintiff's state law claims.

9  (Doc. No. 1 at ¶¶ 3–4.)

10        On March 3, 2023, defendant filed the pending motion for summary judgment as to all of

11  plaintiff's claims.  (Doc. No. 14.)  After receiving an extension of time to do so, on March 24,

12  2023, plaintiff filed an opposition to the pending motion, and on April 3, 2023, defendant filed a

13  reply thereto.  (Doc. Nos. 20, 23.)  On the same day that plaintiff filed his opposition, he

14  separately filed his declaration in opposition to the motion for summary judgment.  (Doc. No. 21.)

15  With its reply, defendant also concurrently filed a request for judicial notice and objections to the

16  evidence submitted by plaintiff in opposing the pending motion.  (Doc. Nos. 23-1, 23-2.)

17  Plaintiff did not file a response to defendant's request for judicial notice or evidentiary objections.

18  **B.**    **Factual Background**[1]

19        On November 21, 2003, plaintiff purchased a residential property located at 33 Spanish

20  Garden, Chico, California, 95928.  (DUF ¶ 1.)  Bank of America, N.A. was the lender and note

21  holder in connection with plaintiff's purchase.  (DUF ¶ 2.)  Defendant Nationstar serviced the

22  loan at the time of the relevant events.  (DUF ¶ 3; Doc. No. 14-1 at 34.)[2]  Defendant Nationstar

23

---

24  [1] This factual background is undisputed, except where otherwise noted, and is derived from the undisputed facts as stated by defendants and responded to by plaintiff (Doc. No. 20-1 ("DUF")),
25  plaintiff's statement of disputed facts (Doc. No. 20-2 ("PDF")), as well as certain exhibits
26  submitted in support of the pending motions (Doc. Nos. 14-1, 21-6, 21-7.)

27  [2] Plaintiff purports to dispute this fact.  (DUF ¶ 3.)  However, the evidence cited by defendant substantiates this fact, and plaintiff fails to point to any evidence before the court that would raise
28  a genuine dispute as to it.

was also the designated agent for the beneficiary, New Residential Mortgage Loan Trust, 2017-4. (DUF ¶ 4.)[3] Plaintiff defaulted on the loan and failed to make his monthly payments beginning in October 2018. (DUF ¶ 5; *see also* Doc. No. 14-1 at 36–46.) As of May 2020, the reinstatement amount on plaintiff's loan was $83,103.11. (DUF ¶ 6.) A Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded on October 29, 2019. (DUF ¶ 7.)

On March 6, 2020, a Notice of Trustee's Sale was recorded, setting a foreclosure sale for April 7, 2020. (DUF ¶ 9.) On April 9, 2020, two days after the foreclosure sale was scheduled, plaintiff requested loan modification options. (DUF ¶ 10.) Defendant responded by providing a uniform borrower assistance form and advising plaintiff to contact the loan modification department. (DUF ¶ 13.) The foreclosure sale was postponed until June 23, 2020. (PDF ¶ 38.)[4]

On June 4, 2020, plaintiff formally requested a loan modification. (DUF ¶ 14.) Defendant received plaintiff's loan modification application on June 5, 2020. (DUF ¶ 15.) At the time defendant received the application, it was not forty-five days or more before the scheduled foreclosure date. (DUF ¶ 16.)[5]

/////

---

[3] Plaintiff also purports to dispute this fact. (DUF ¶ 4.) However, the evidence cited by defendant substantiates this fact and, once again, plaintiff fails to point to evidence that would raise a genuine dispute.

[4] While defendant did not respond to plaintiff's statement of disputed facts, its motion for summary judgment asserts that the foreclosure date was postponed to June 23, 2020, referencing plaintiff's allegation in the FAC and quoting *Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008) to argue that "[a]llegations in a complaint are considered judicial admissions." (Doc. No. 14 at 8.) Thus, this fact is not disputed.

[5] Plaintiff does not dispute that he did not submit the loan modification application forty-five days before the originally scheduled foreclosure date of April 7, 2020 or the postponed date of June 23, 2020, but argues that there was no foreclosure sale on those dates because of the stays on foreclosures issued by Governor Newsom. (DUF ¶ 16.) Plaintiff's arguments in this regard will be addressed in the court's analysis of the pending motion below. Additionally, plaintiff asserts that a foreclosure set in June 2020 violated the Emergency Rules of Court, which suspended judicial foreclosures. (*Id.*; *see also* Doc. Nos. 21-6 at 2; 21-7 at 2.) However, in his own statement of disputed facts, plaintiff asserts that defendant's agents initiated a "*non-judicial foreclosure process*" on plaintiff's property through the NOD. (PDF ¶ 34) (emphasis added). Because the foreclosure, according to plaintiff, was "non-judicial," the Emergency Rules of Court would not apply. (*See* Doc. Nos. 21-6 at 2; 21-7 at 2.)

1    Despite plaintiff's loss mitigation application being incomplete and received by defendant
2    less than forty-five days prior to the scheduled foreclosure sale on June 23, 2020, defendant
3    postponed the foreclosure and conducted a meaningful review of plaintiff's loan modification
4    application. (DUF ¶ 18.) Between June and December 2020, the foreclosure sale was postponed
5    at least seven times. (DUF ¶ 20.) On June 2, 2021, defendant denied plaintiff's request for a loan
6    modification because plaintiff's monthly payment would exceed the allowed percentage of his
7    monthly gross income, making him ineligible for a modification. (DUF ¶¶ 22–23.) To date, the
8    foreclosure sale has not occurred. (DUF ¶ 24.)

## LEGAL STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."

*Id.* at 322–23.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment . . . is satisfied."  *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits or admissible discovery material in support of its contention that the dispute exists.  *See* Fed. R. Civ. P. 56(c)(1); *Matsushita*, 475 U.S. at 586 n.11; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment.").  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  *Matsushita*, 475 U.S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all inferences supported by the evidence in favor of the non-moving party."  *Walls v. Cent. Contra Costa Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011).  It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than

simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586–87 (citations omitted).

## ANALYSIS

**A.     Defendant's Request for Judicial Notice**

Pursuant to Federal Rules of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

In support of his reply, defendant requests that the court take judicial notice of California Governor Gavin Newsom's Executive Order N-28-20, dated March 16, 2020. (Doc. No. 23-1.) Plaintiff does not address nor contest defendant's request for judicial notice. Because Executive Order N-28-20 is an undisputed matter of public record, it is properly subject to judicial notice. *See DeHoog v. Anheuser-Busch InBev SA/NV*, 899 F.3d 758, 763 n.5 (9th Cir. 2018) (taking judicial notice of "undisputed matters of public record").

**B.     Defendant's Objections to Plaintiff's Evidence**

Defendant has raised objections to certain evidence attached to plaintiff's declaration submitted in support of his opposition to defendant's pending motion for summary judgment. (Doc. No. 23-2.) The objections pertain to Exhibit 4 (Executive Order N-66-20, issued on May 29, 2020 (Doc. No. 21-4)), Exhibit 5 (Executive Order N-71-20, issued on June 30, 2020 (Doc. No. 21-5)), Exhibit 6 (Emergency Rules of Court, Rule 2, adopted April 6, 2020 (Doc. No. 21-6)), and Exhibit 7 (Emergency Rules of Court, Rule 2, adopted August 13, 2020 (Doc. No. 21-7)), and are based on authentication, foundation, and hearsay grounds. (Doc. No. 23-2 at 3–4.) Because these objections are boilerplate, do not dispute the validity of the documents, or suggest that plaintiff would be unable to present the documents in an admissible form at trial, the objections are overruled. *See Ma v. Target Corp.*, No. 17-cv-01625-AGJ-DE, 2018 WL 6265009, at *2 (C.D. Cal. July 30, 2018) ("[The plaintiff] repeatedly objects on foundation and authentication grounds to evidence attached to a declaration by [the defendant's] attorney. But [the plaintiff] doesn't

dispute the actual validity of the documents . . . or suggest that [the defendant] wouldn't be able to present the documents and testimony in an admissible manner at trial. These objections are a waste.") (internal citations omitted).

Given that the court does not rely on any of the remaining objectionable material in resolving the pending motion, those objections are overruled as moot. *See Ross v. Indep. Living Res.*, No. 08-cv-00854-TEH, 2010 WL 2898773, at *2 n.1 (N.D. Cal. July 21, 2010) (denying evidentiary objections as moot because the court did not rely on the evidence to which the objections were lodged).

**C.      Plaintiff's Objections to Fay Janati's Declaration**

In support of its motion for summary judgment, defendant submitted the declaration of Fay Janati, who is the "principal litigation ambassador at Nationstar Mortgage LLC dba Mr. Cooper." (Doc. No. 14-1 at ¶ 1.) Plaintiff objects to several lines of Janati's declaration on foundation and hearsay grounds. (Doc. No. 20-1 at 2–4.) Similar to defendant's objections discussed above, plaintiff's objections are boilerplate, do not dispute the validity of the documents, or suggest that defendant would be unable to present the documents in an admissible manner at trial. Therefore, these objections are also overruled. *See Ma*, 2018 WL 6265009, at *2.

**D.      12 C.F.R. § 1024.41(b) (Claim 1)**

The Real Estate Settlement Procedures Act ("RESPA") regulates the servicing of mortgage loans. 12 U.S.C. § 2605. RESPA empowers the Consumer Bureau to establish rules and regulations to achieve RESPA's purpose, which it has done, in part, by promulgating 12 C.F.R. § 1024.41, also known as "Regulation X." *Hahn v. Select Portfolio Servicing, Inc.*, 424 F. Supp. 3d 614, 624 (N.D. Cal. 2020), *aff'd*, No. 20-15166, 2023 WL 3051848 (9th Cir. Apr. 24, 2023). Regulation X delineates loss mitigation procedures that a borrower can enforce against a loan servicer. *Thomas v. Wells Fargo Bank, N.A.*, No. 15-cv-02344-GPC-JMA, 2016 WL 1701878, at *3 (S.D. Cal. Apr. 28, 2016). In his operative FAC, plaintiff claims a violation of 12 C.F.R. § 1024.41(b) by defendant, alleging its failures in the review and notification process after plaintiff submitted his loss mitigation application. (Doc. No. 1 at 73.)

1       12 C.F.R. § 1024.41(b) provides that a loan servicer "shall exercise reasonable diligence in obtaining documents and information to complete a loss mitigation application," if a "servicer receives a loss mitigation application 45 days or more before a foreclosure sale." 12 C.F.R. § 1024.41(b). Specifically, the servicer must "[p]romptly upon receipt of a loss mitigation application, review the loss mitigation application to determine if the loss mitigation application is complete" and "[n]otify the borrower in writing within 5 days (excluding legal public holidays, Saturdays, and Sundays) after receiving the loss mitigation application that the servicer acknowledges receipt of the loss mitigation application and that the servicer has determined that the loss mitigation application is either complete or incomplete." *Id.*

Defendant moves for summary judgment in its favor on this claim, contending that it was not required to comply with Regulation X because plaintiff's loss mitigation application was not received within forty-five days of the scheduled foreclosure date. (Doc. No. 14 at 7.) Based upon the evidence before this court on summary judgment, it is undisputed that defendant received plaintiff's loan modification application on June 5, 2020. Though plaintiff acknowledges that defendant received his loan modification application after the initially scheduled April 7, 2020 sale, and eighteen days before the June 23, 2020 sale, in his opposition to the pending motion he nonetheless contests defendant's conclusion of Regulation X's applicability. (Doc. No. 20 at 13.) Specifically, plaintiff argues that Executive Order N-28-20 stayed foreclosures in California from March 16 to September 30, 2020,[6] rendering a foreclosure sale scheduled in June 2020 unlawful. (*Id.*) Consequently, he asserts that Regulation X is applicable because his application was submitted 117 days before the stay was lifted. (*Id.* at 13–14.)

/////

---

[6] Plaintiff asserts that Governor Newsom's Executive Order N-71-20 purportedly extended Executive Order N-28-20's "stay on foreclosure sales . . . to September 30, 2020." (DUF ¶ 16.) However, as explained below, there was no such stay, as financial institutions were merely requested, not mandated, to implement a moratorium on foreclosures. (*See* Doc. No. 23-1 at 6.) Moreover, the court notes that Executive Orders N-66-20 and N-71-20 extended only paragraphs 1 and 2 of Executive Order N-28-20; it did not extend paragraph 5, which requests financial institutions to implement a moratorium on foreclosures. (*See* Doc. Nos. 21-4, 21-5, 23-1.) In any case, Executive Order N-28-20 did not specify an expiration date for the request of financial institutions to implement a moratorium on foreclosures.

8

1    The court finds plaintiff's arguments to be unpersuasive and unavailing. Executive Order N-28-20 on its face requested, but did not mandate, a moratorium on foreclosures. (*See* Doc. No. 23-1 at 6) ("Financial institutions holding home or commercial mortgages . . . **are requested** to implement an immediate moratorium on foreclosures and related evictions when the foreclosure or foreclosure-related eviction arises out of a substantial decrease in household or business income, or substantial out-of-pocket medical expenses, which were caused by the COVID-19 pandemic, or by any local, state, or federal government response to COVID-1.") (emphasis added). Therefore, the foreclosure scheduled by defendant for June 23, 2020 was not unlawful.

Because defendant did not receive plaintiff's loan modification application forty-five days prior to the scheduled foreclosure sale on June 23, 2020, defendant was not required to comply with Regulation X. Accordingly, summary judgment will be granted in defendant's favor on this sole claim based upon an alleged violation of federal law.

**E.  Supplemental Jurisdiction**

Because the court will grant summary judgment in favor of defendant as to plaintiff's one federal claim, consideration turns to whether the court should exercise supplemental jurisdiction over plaintiff's state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), a court may decline such jurisdiction after it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725–26 (1966). The court considers whether retaining jurisdiction will best accommodate the "values of economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir.), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997) (citations and internal quotation marks omitted).

The Ninth Circuit has emphasized that "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Therefore, it is not surprising that the Ninth Circuit has repeatedly upheld decisions declining the exercise of supplemental jurisdiction over state claims after the summary judgment dismissal of federal claims. *See, e.g., Oliver v. Ralphs Grocery Co.*, 654 F.3d

9

903, 911 (9th Cir. 2011) (upholding the district court's decision to decline to exercise supplemental jurisdiction over state law claims after granting the defendants' motion for summary judgment in their favor on the plaintiff's ADA claim); *Williamson v. Hawaii*, No. 22-16618, 2023 WL 5348814, at *1 (9th Cir. Aug. 21, 2023)[7] (holding that the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the plaintiff's state law claims after it had granted the defendants' motion for summary judgment in their favor as to the plaintiff's federal claims).

Here, the court concludes that remanding plaintiff's state law claims to state court would not inconvenience or unfairly prejudice the parties. Plaintiff initially chose state court as his forum in which to proceed. *See Stephens v. Town of Steilacoom*, No. 22-cv-05440-BJR, 2023 WL 5901901, at *4 (W.D. Wash. Sept. 11, 2023) (in declining to exercise supplemental jurisdiction over the plaintiffs' state law claims, noting that "Plaintiffs' chosen forum was state court"). Since no previous motion practice has been conducted in this case, this court has not evaluated plaintiff's state law claims, a task California state courts are better equipped to handle. *See Gibbs*, 383 U.S. at 726 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law."); *Bartlett v. Blaser, Sorensen & Oleson, Chartered*, 27 F. Supp. 3d 1092, 1107 (D. Idaho 2014) (in declining to exercise supplemental jurisdiction over the plaintiff's state law claim, noting that the court had "not evaluated the merits of Plaintiff's abuse of process claim—something Idaho state courts are in a better position to do anyway"). Furthermore, although discovery has closed under the scheduling order of this case, according to defendant, not much discovery has taken place anyway. (Doc. No. 23 at 2) ("Since filing this lawsuit, [plaintiff] has not conducted any discovery to prove his claims, provided substantive responses to discovery, and has refused to produce any documents."). Any discovery that has taken place can be used in a state court proceeding. Furthermore, with the Eastern District of California's well-publicized judicial crisis and this court's extraordinarily full docket, remanding this case to state court may

---

[7] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

well help expedite the case as a practical matter. *See Bartlett*, 27 F. Supp. 3d at 1107 (in declining to exercise supplemental jurisdiction over the plaintiff's state law claim, noting, "a key reason this case has remains before this Court for as long as it has is that the Court has an extraordinarily full docket; the state courts may well be in a position to move to the merits of this case more quickly"). Accordingly, the court finds that the balance of factors does not weigh in favor of retaining jurisdiction over plaintiff's state law claims, and the court will therefore decline to exercise supplemental jurisdiction over them.

## CONCLUSION

For the reasons explained above,

1. Defendant's request for judicial notice (Doc. No. 23-1) is granted;
2. Defendant's evidentiary objections (Doc. No. 23-2) to plaintiff's Exhibits 4, 5, 6, and 7 are overruled, and its remaining objections are denied as moot;
3. Plaintiff's evidentiary objections (Doc. No. 20-1 at 2–4) are overruled;
4. Defendant's motion for summary judgment (Doc. No. 14) is granted in part;
   a. Defendant's motion for summary judgment in its favor as to plaintiff's first claim asserting a violation of 12 C.F.R. § 1024.41(b) is granted; and
   b. The court declines to exercise supplemental jurisdiction over plaintiff's state law claims, and defendant's motion for summary judgment in its favor as to those claims is denied as having been rendered moot by this order;
5. Plaintiff's remaining state law claims are remanded to state court; and
6. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: **January 31, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

11